UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02559-AH | Date | April 28, 2025 |
| Title | *In Re Thomas Bruce Miller* | | JS-6 |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER AFFIRMING BANKRUPTCY COURT'S ORDER

Appellant Deborah Wilkinson ("Appellant") appeals the United States Bankruptcy Court's Order sustaining an objection by Appellee Thomas H. Casey, Chapter 7 trustee of the bankruptcy estate of Thomas Bruce Miller ("Appellee"), to Appellant's Proof of Claim and disallowing the Proof of Claim in its entirety, based on its finding that Appellant's claim for repair costs ("Claim for Repairs") was barred by the doctrine of res judicata. The Court has read and considered the record and the Parties' briefs filed in connection with this appeal. The Court deems this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court AFFIRMS the Bankruptcy Court's Order.

I.   **BACKGROUND**

Appellant filed a complaint against Thomas Bruce Miller ("Debtor") in Orange County Superior Court ("Superior Court Case"), where she sought monetary damages for breach of a lease of the real property located at 3019 Fillmore Way, Costa Mesa, California 92626 (the "Property"). Appellee's Excerpts

of Record ("AER") at 00001–00027, Dkt. No. 14.  These monetary damages included unpaid taxes, unpaid rent, and damages to the Property.  *Id.* at 00003.

On May 28, 2021, the Superior Court entered a minute order finding Debtor was liable for breach of the ground lease of the Property ("Phase I Order").  *Id.* at 00028–00031.  On July 19, 2021, the Superior Court entered another order ("Phase II Order"), which determined that Appellant's damages were $70,650 in unpaid property taxes, $9,855 in unpaid quarterly rent, and pre-trial interest.  *Id.* at 00032–00038.  However, the Superior Court did not include costs of repair of the Property.  *Id.*  The Superior Court entered a total judgment in the Superior Court Case in favor of Appellant in the total amount of $85,270.04 ("Judgment").  *Id.* at 00039–00040.  And Appellant eventually obtained an Amended Judgment in the Superior Court Case for a total amount of $126,982.04, which included attorney's fees ("Amended Judgment").  *Id.* at 00146.

On November 4, 2021, Debtor filed a petition under the Bankruptcy Code ("Petition"), which was later converted to one under Chapter 7 of the Bankruptcy Code.  *See generally* Dkt. No. 1.  On December 1, 2021, in Bankruptcy Court, Appellant filed the Claim for Repairs in the amount $242,671.  AER at 00041–00131.

Subsequently, on February 5, 2024, Appellee filed an objection to the Claim for Repairs ("Objection").  *Id.* at 00148–00326.  Appellant then filed an opposition to the Objection ("Opposition"), *id.* at 00327–00472, and Appellee filed a reply.  *Id.* at 00473–00477.  The Bankruptcy Court held a hearing on the Objection on March 12, 2024.  *See generally* Dkt. No. 1.

On April 3, 2024, the Bankruptcy Court entered an Order requiring the Parties to obtain an interpretation of the Phase II Order from the Superior Court.  AER at 00478–00479.  And, on October 8, 2024, the Parties filed a joint status report regarding the Superior Court's order concerning clarification of the Phase II Order, where the Superior Court explained that it could not clarify the plain language of the Phase II Order.  *Id.* at 00483–00509.

On October 22, 2024, the Bankruptcy Court held a continued hearing on the Objection and ultimately sustained the Objection.  *Id.* at 00510–00520.  Thereafter, on November 5, 2024, the Bankruptcy Court entered a written Order sustaining the Objection.  *Id.* at 00521–00522.  At the hearing, the Bankruptcy Court explained that the Superior Court outlined in the Phase II Order that Appellant's damages did

not include costs of repair.  *Id.* at 00519.  Accordingly, the Bankruptcy Court held that adjudication of the Claim for Repairs was previously on the merits, and therefore the claim was barred by the doctrine of res judicata.  *See id.*

Appellant now contends that the Bankruptcy Court committed reversible error when it sustained the Objection.  Appellant's Opening Br. at 4, Dkt. No. 11.

## II. LEGAL STANDARD

"On appeal, a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  *In Re Priestley*, 2024 WL 626260, at *3 (C.D. Cal. Feb. 13, 2024) (internal quotation marks and citation omitted).  "When reviewing decisions of a bankruptcy court, district courts apply standards of review applicable to the courts of appeals when reviewing district court decisions."  *Id.* (citing *In re Baroff*, 105 F.3d 439, 441 (9th Cir.1997)).

"In an appeal from an order of a bankruptcy court, conclusions of law are reviewed de novo and findings of fact are reviewed for clear error."  *In re Muennichow*, 2023 WL 2573862, at *4 (C.D. Cal. Mar. 17, 2023) (citing *Blausey v. U.S. Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009)).  "The Court reviews the availability and application of claim preclusion, or res judicata, de novo."  *Id.* (citing *Grondal v. United States*, 21 F.4th 1140 (9th Cir. 2021)).  De novo review requires a court to "consider a matter anew, as if it has not been heard before, and as if no decision had been rendered previously."  *In re Smith*, 435 B.R. 637, 643 (B.A.P. 9th Cir. 2010) (citations omitted).

## III. DISCUSSION

At issue in this appeal is whether the Bankruptcy Court erred when it held that Appellant's Claim for Repairs was barred by res judicata.

"Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits."  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (citation omitted).  "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.  The application of this doctrine is central to the purpose for which civil courts have

been established, the conclusive resolution of disputes within their jurisdiction." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (cleaned up).  The elements establishing res judicata are:  "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra*, 322 F.3d at 1077 (internal quotation marks and citation omitted).

### A. The Bankruptcy Court Did Not Err in Concluding That the Doctrine of Res Judicata Barred Appellant's Claim for Repairs

The first element of res judicata, identity of claims, "exists when two suits arise from the same transactional nucleus of facts." *Id.* at 1078 (internal quotation marks and citation omitted).

With respect to the second element, "res judicata applies only to issues which have been determined by a judgment that is both final and on the merits." *Priestley*, 2024 WL 626260, at *11 (citation omitted).  "A final judgment is afforded preclusive effect even if erroneous." *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023).

Lastly, the third element, privity between the parties, "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Schimmels*, 127 F.3d at 881 (internal quotation marks and citation omitted).  When the parties are identical in the actions, they are clearly in privity. *Tahoe-Sierra*, 322 F.3d at 1081 ("[w]e…note that several parties in both actions are identical, and therefore quite obviously in privity").

In this matter, there is no dispute as to the first and third elements necessary to establish res judicata.  Rather, the dispute revolves around the second element and whether the Bankruptcy Court erred in determining that the Phase II Order was a final judgment on the merits.

Appellant argues that the Superior Court did not finally and conclusively foreclose the issue of Appellant's entitlement to Claim for Repairs.  Appellant's Opening Br. at 4.  Rather, Appellant contends that the Superior Court only decided that Appellant's right to those costs on the facts presented had not ripened into a cognizable claim until the underlying lease had been terminated. *Id.*  Appellant, citing to the *Avalon* case, explains this is because California law permits recovery of costs of repair damages *after* the lease has expired or has been terminated, and

argues that the Superior Court held that the lease was not terminated at the time of the Superior Court Case. *Id.* at 9; *Avalon Pac.-Santa Ana, L.P. v. HD Supply Repair & Remodel, LLC*, 192 Cal.App.4th 1183 (2011).

However, the Superior Court held that *Avalon* was inapplicable to the Superior Court Case and, among other things, cited to California Civil Code § 1951.2(e), which states, "Nothing in this section affects the right of the lessor under a lease of real property to indemnification for liability arising prior to the termination of the lease for personal injuries or property damage where the lease provides for such indemnification." Cal. Civ. Code § 1951.2(e); AER at 00036. The Superior Court explained that the lease at issue did expressly include such an indemnity provision.[1] AER at 00036. The Superior Court then went on to explain:

> The insignificant time remaining on the instant lease leaves the court concluding that the "reversionary value" considerations emphasized by *Avalon* remain pertinent if not decisive under the current circumstances. Consequently, the fact that the plaintiff's only evidence of damages concerned costs of repair and no evidence of any reversionary deterioration seems equally pertinent. Fortifying this, the court feels that plaintiff's purchase of a 60-year old 3-unit residential structure in Orange County for a price of $875,000 is significant, as highly suggestive of the value that plaintiff, a seasoned real estate investor, assigned to her purchase. The court has no reason to question the estimated repair value which plaintiff made evidence, only that it is not reflective of her rights to recover.

AER at 00038 (cleaned up).

Regarding her right to recover, the Superior Court found that although paragraph 8 of the complaint "identified in detail her expected maintenance costs as among her requested damages[,]" "except for unspecific generalities and allusions, there was virtually no evidence at trial about how long any particular alleged damage on the premises had gone unrepaired during the 16 years of the Miller possession." *Id.* at 00035. Further, in 2018, Plaintiff visited the Property and "seemed to have come away with a negative opinion about the condition of the

---

[1] The Superior Court also distinguished *Avalon* in other material ways. *See, e.g.,* AER at 00037 n.8; *id.* at 00038 ("*Avalon* itself is not on all fours with the instant case").

roof. (She did later walk through the premises before closing.) Nevertheless, even though she said that she never commissioned an appraisal, she later purchased the land beneath this three-unit property for $875K, subject to the Miller ground lease." *Id*. (cleaned up). The Superior Court also observed that in this case "rent is a secondary issue." *Id*. at 00037 (cleaned up). The Superior Court then concluded that "the court finds that plaintiff's damages do not include such costs of repair as to which evidence was given at trial."[2] *Id*. at 00038.

Accordingly, the Court disagrees with Appellant that final judgment was not entered in the Superior Court Case. The Superior Court unequivocally held that Appellant was not entitled to recover costs of repair, stating "the court finds that plaintiff's damages do not include such costs of repair as to which evidence was given at trial. Her damages, therefore, are confined to (i) $70,650 in unpaid property taxes (including penalties), (ii) $9855 in unpaid quarterly rent under the ground lease, plus (iii) pretrial interest." *Id.* at 00038.

The Superior Court then entered a Judgment and Amended Judgment in the Superior Court Case, demonstrating a judgment that is "final and on the merits." *Priestley*, 2024 WL 626260, at *11 (citation omitted). Thus, the Bankruptcy Court did not err in finding that the costs of repair issue was adjudicated on the merits in the Superior Cour Case and by ultimately concluding that res judicata barred Appellant's Claim for Repairs in the Bankruptcy Court.

## IV.  CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's Order sustaining the Objection and disallowing the Claim for Repairs.

**IT IS SO ORDERED.**

**CC: All parties:  BK CRT**

---

[2] Notably, Appellant does not dispute that the Claim for Repairs represents the same claim raised in the Superior Court.